**IN THE UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-11115
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM DOUGLAS LANKFORD, III,

Defendant-Appellant.

_____

Appeal from United States District Court
for the Northern District of Texas
(7:95-CR-014-X)
_____

January 23, 1996

Before JONES, JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

William Douglas Lankford, III appeals the district court's order revoking the magistrate's order of release and detaining him pending trial. The district court's decision rests on its finding that no condition or combination of conditions would reasonably assure the safety of any other person or of the community. See 18 U.S.C. § 3142(g); and United States v. Fortna, 769 F.2d 243, 250 (5th Cir. 1985). We find that the record amply demonstrates that no circumstances could ensure the safety of Joanie Renee Lankford, Lankford's estranged wife. Further, we agree with the district court that Lankford's self-serving statement that he wanted nothing more to do with Ms. Lankford is unpersuasive.

Lankford's recent past violent behavior toward Ms. Lankford strongly suggests that he will engage in future misconduct which will endanger Ms. Lankford. He attacked Ms. Lankford on three occasions over a four month period. During some attacks Lankford threatened Ms. Lankford with

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

a loaded gun; during other attacks Lankford abducted his wife from her place of employment. Moreover, the last attack occurred while Lankford was released on bond pending charges for an earlier attack. Because past conduct suggests the likelihood of future misconduct, the finding of dangerousness was properly based on evidence that Lankford has been a danger in the past. See United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).

Lankford, who has custody of his three children, also contends that his custodial status will prevent him from receiving disability payments because he will not be able to secure a physician's review of his medical condition. We will not review this issue because it was not raised before the district court, because the questions are not purely legal, and because the failure to review it will not result in manifest injustice. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

For the foregoing reasons we AFFIRM the district court's reversal of the magistrate judge's order of release.