IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30391
Summary Calendar
_____

CHARLES CARTER,

Plaintiff-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 96-CV-270-B-1
- - - - - - - - - - -
February 20, 1998
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Charles Carter, Louisiana State Prisoner # 115957, appeals the district court's dismissal of his civil rights claims for failure to state a claim. Carter argues that the district court erred in dismissing his claims of deliberate indifference to serious medical needs, cruel and unusual punishment, and retaliation. He contends, for the first time on appeal, that he was denied access to the courts because prison officers failed to mail certain pleadings to the district court and that their

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action in failing to mail the pleadings constituted retaliation. He also argues, in conclusional terms only, that the facts as alleged in his complaint demonstrate the existence of a conspiracy and that he was subjected to labor before an adjudication of guilt.

Carter's "supplement in support of notice to appeal" and "motion to amend supplement in support of notice to appeal," which are construed as requests to file supplemental briefs is DENIED. These supplemental briefs are STRICKEN. To the extent that Carter seeks to enlarge the appellate record, his request is DENIED. Carter's request for extraordinary relief, which is entitled "request for an emergency administrative remedy," is DENIED.

The district court did not err in dismissing Carter's deliberate-indifference-to-serious-medical-needs claim because Carter's allegations are of mere negligence, which do not give rise to a 42 U.S.C. § 1983 cause of action. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Similarly, the district court did not err in dismissing Carter's claim that his initial work assignment upon reentry into Angola subjected him to cruel and unusual punishment. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989) (negligent work assignment that is not cruel and unusual per se is not unconstitutional). Because Carter's conclusional allegations of retaliation were insufficient to allege a cognizable § 1983 claim, the district

court did not err in dismissing his retaliation claim.  <u>See</u>

<u>Whittington v. Lynaugh</u>, 842 F.2d 818, 819 (5th Cir. 1988).

Carter's claims, raised for the first time on appeal, of denial of access to the courts, retaliation, conspiracy, and punishment before an adjudication of guilt involve the resolution of factual questions and will not be addressed by this court. <u>See</u> <u>Robertson v. Plano City Tex.</u>, 70 F.3d 21, 23 (5th Cir. 1995).

MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS DENIED; SUPPLEMENTAL BRIEFS STRICKEN; REQUEST TO SUPPLEMENT APPELLATE RECORD DENIED; MOTION FOR EXTRAORDINARY RELIEF DENIED.  AFFIRMED.