IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30206
Summary Calendar
_____

KATHERYN HILL, et al,

                                        Plaintiffs,

KATHERYN HILL,

                                        Plaintiff-Appellee,

versus

DON HATHAWAY, etc; et al,

                                        Defendants,

SHEILA WRIGHT, Individually & in her
official capacity as Director of Nurses
Caddo Parish Correctional Facility;
PATRICIA BOYD, Individually & in her
official capacity as Medical Assistant
Caddo Parish Sheriffs Office,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CV-915
--------------------

November 3, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Defendants Sheila Wright and Patricia Boyd appeal the

district court's denial of their summary judgment motion based

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

upon qualified immunity in a 42 U.S.C. § 1983 civil rights action filed by Katheryn Hill on behalf of her deceased son, Robert Wayne Hill. We have jurisdiction to determine, as a matter of law, whether Wright and Boyd are entitled to qualified immunity, after accepting all of Hill's factual allegations as true, by determining whether Hill has alleged the violation of a clearly established constitutional right and, if so, whether the defendants' conduct was objectively reasonable under clearly established law. See Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Colston v. Barnhart, 130 F.3d 96, 98 (5th Cir. 1997), cert. denied, 119 S. Ct. 618 (1998); Rankin v. Klevenhagen, 5 F.3d 103, 105 (5th Cir. 1993).

In Wright's case, we find that the appellee has alleged a violation of a clearly established constitutional right pursuant to the standard set forth in Hare v. City of Corinth, Miss, 135 F.3d 320, 324 (5th Cir. 1998). Because of disputed issues of material fact pertaining to the information that was available to Wright concerning Hill's risk for suicide, we find that it is improper for this court to determine whether Wright acted in an objectively reasonable manner. See Hale v. Townley, 45 F.3d 914, 918-19 (5th Cir. 1995). Accordingly, we decline to entertain Wright's interlocutory appeal and affirm the district court's denial of summary judgment.

In Boyd's case, we find that the appellee has failed to allege a violation of a clearly established constitutional right. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). We therefore reverse the district court's denial of summary judgment

with respect to Boyd.

AFFIRMED IN PART; REVERSED IN PART.