IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41454
Summary Calendar
_____


KEVIN MICHAEL BOETTNER

            Plaintiff - Appellant

    v.

UNIDENTIFIED KIRKWOOD; UNIDENTIFIED ISAACKS, Ms.;
UNIDENTIFIED HURD, Mr.; UNIDENTIFIED CARMEN, Mr.;
UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON

            Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CV-160
--------------------
July 24, 2001

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Kevin Michael Boettner, Texas prisoner # 906170, appeals the magistrate judge's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915A. Boettner argues that the magistrate judge abused her discretion in dismissing his case as frivolous. A review of Boettner's prison dental health records show frequent and continuous dental treatment from the time he entered the Rufus Duncan Unit until this case was dismissed. As the magistrate judge correctly held, Boettner's dental records

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

documenting his frequent examinations, treatment, and medications rebut his allegations of deliberate indifference. Banuelos v. McFarland, 41 F.2d 232, 235 (5th Cir. 1995). His claims amount to no more than disagreement with his treatment, which is not sufficient to state a claim under 42 U.S.C. § 1983. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Boettner's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. All of Boettner's outstanding motions are DENIED.

Boettner is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Boettner that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED.