Edward Charles VARNADO,
Plaintiff–Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Criminal Justice,
Institutional Division, et al.,
Defendants–Appellees.

No. 90–2684
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1991.

Edward C. Varnado, Rosharon, Tex., pro se.

Before JOLLY, HIGGINBOTHAM and JONES, Circuit Judges.

PER CURIAM:

Edward Charles Varnado has had hip problems since 1967, well before his incarceration in the Texas Department of Criminal Justice, Institutional Division. He has had several operations. A prosthetic device was implanted in his hip at John Sealy Hospital in Galveston in 1985 during his incarceration. He was discharged from John Sealy and returned to his unit two months after the surgery. For 16 months after his return to the unit, Varnado was served his meals in the unit infirmary so that he would not have to stand in line and carry his own tray in the general population dining hall. Such a privilege is known as having a "diet card."

In June 1987, 18 months after surgery, unit medical personnel determined that the construction of new ramps in the general population dining hall obviated Varnado's need for a diet card. For most of three

months—June, July, and August 1987—Varnado took his meals with the general population. He alleges that he stood in the serving line 45 to 60 minutes for each meal. In August 1987, he was transferred to a unit for handicapped prisoners.

He claimed that during the period in which he ate with the general population, he experienced pain in his hip. Physicians at John Sealy determined that wires in the prosthesis had broken and that Varnado would need another operation. Varnado attributed the pain and the breaking of the wires to his standing in line for prolonged periods waiting to be served food.

*Pro se* and *in forma pauperis*, he has sued prison officials pursuant to 42 U.S.C. § 1983, claiming that the revocation of the diet card resulted in the breaking of the wires, which resulted in pain and the necessity for another operation. He claims inadequate medical treatment. The district court held a hearing in conformity with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Pursuant to 28 U.S.C. § 1915(a), the district court dismissed the action as frivolous. Varnado has timely filed notice of appeal.

"To state a claim for relief under 42 U.S.C. § 1983 for denial of medical treatment, a prisoner must allege deliberate indifference to his serious medical needs." *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. Unit A June 1981) (*citing Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). A dismissal is proper if "the claim's realistic chance of ultimate success is slight [or] the claim has no arguable basis in law and fact." *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1989).

■ Varnado contends that the revocation of his diet card was, or resulted in, cruel and unusual punishment. Varnado's prison medical records show, however, that he was seen by medical personnel on his unit and at John Sealy numerous times for problems relating to his hip. Varnado's prison medical record deals almost exclusively with his hip problem. Such records also show that medical personnel determined that the opening of ramps in the dining hall made the diet card unnecessary. Varnado's contentions amount to a disagreement with his medical treatment; he only argues that the use of the ramps did not meet his needs and exacerbated his hip problem, contentions that fall short of a constitutional or federal claim.

■ Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985). Nor does "[m]ere negligence, neglect or medical malpractice." *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir.1979). Even if Varnado's allegations are true and correct, then, at worst, the judgment about the ramps was only mistaken; such allegations do not amount to deliberate indifference to his serious medical needs. The district court properly dismissed the action.

■ Varnado also raises in this Court additional incidents regarding his medical treatment that occurred after his *Spears* hearing that were not presented to the district court. "[I]ssues raised for the first time on appeal 'are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice.'" *U.S. v. Garcia–Pillado*, 898 F.2d 36, 39 (5th Cir.1990) (*quoting Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir.1985)). Varnado's additional allegations are factual issues that may not be raised for the first time on appeal.

■ Varnado also questions the authenticity of his medical records. A district court may not use prison records to counter a plaintiff's *Spears* testimony. *Williams v. Luna*, 909 F.2d 121, 124 (5th Cir.1990). Varnado's allegations, however, address the nature of his treatment and not the lack thereof. He does not question that the diet card was revoked because of the new ramps. The district court did not improperly use the medical records.

Finally, Varnado has filed in this Court motions for appointment of counsel, to supplement the record, and for production of documents. The appeal has no merit, and the requested medical records could not

alter that fact. The motions are denied, and the judgment of the district court is AFFIRMED.