# UNITED STATES COURT OF APPEALS
## for the Fifth Circuit

_____

No. 95-40185
Summary Calendar

_____

DOUGLAS E. MITCHELL,

Plaintiff-Appellant,

VERSUS

L. BILBY-KNIGHT, Mailroom Supervisor,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(9:94-CV-185)

_____

(May 17, 1995)

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant Mitchell appeals the dismissal of his pro se in forma pauperis civil rights complaint as frivolous. We agree that his complaint was frivolous, find his appeal without arguable basis in fact or law (and therefore frivolous), and dismiss his appeal.

Appellant sued the mailroom supervisor of the Texas Department of Criminal Justice Terrell Unit alleging that the supervisor's failure to certify that Appellant was unable to "sign and date the court-directed receipt for filing written objections within ten (10) days" denied him access to the courts. It is clear that the

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

inaction alleged, if accepted as true, did not deny Appellant access to the courts. Appellant received the Magistrate Judge's recommendation on January 4th. He had ten days within which to file his objections from that day. 28 U.S.C. § 636(b)(1). He filed nothing. Other than the alleged failure of Defendant to sign the receipt he does not allege that Defendant prevented him from filing. The district court entered its dismissal on January 27th. Accepting Appellant's factual allegations as true, he alleges no fact showing that Defendant impeded his access to the courts. Failing to sign the receipt clearly did not.

The Magistrate Judge also construed Appellant's complaint to include a claim for failure to properly administer the prison grievance procedure. This claim is likewise frivolous because Appellant does not allege that this Defendant was responsible for handling the grievance.

Finally, Appellant complains of the district court's admonition to him that further frivolous filings could result in the imposition of sanctions. Appellant has not demonstrated, however, that he is undeserving of the district court's warning or that the district court abused its discretion in issuing the warning. See FDIC v. Calhoun, 34 F.3d 1291, 1297 (5th Cir. 1994).

We decline to address Appellant's request that we provide for independent examination and treatment of Appellant's alleged medical condition because that issue was not raised in the district court. Varnado v. Collins, 920 F.2d 320, 321 (5th Cir. 1991).

APPEAL DISMISSED.