IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40040
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARNOLD G. THOMAS,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:89-CR-178-2
- - - - - - - - - -
(October 17, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Arnold G. Thomas appeals the denial of an 18 U.S.C. § 3582(c)(2) motion for sentence reduction pursuant to Amendment 484 to the Sentencing Guidelines.  In the alternative, Thomas argues that Amendment 371 to U.S.S.G. § 2D1.11 should have been used to calculate his sentence.

    Amendment 484 changed application note 1 to U.S.S.G. § 2D1.1 by explaining that the term "mixture or substance" does not

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

include materials that must be separated from the controlled substance before the controlled substance can be used. U.S.S.G. App. C. amend. 484 (Nov. 1993). Amendment 484 has been given retroactive effect. Id.; see § 1B1.10(d) (Nov. 1993).

However, Thomas's base offense level was determined by the amount of drugs that could have been produced from the 550 pounds of phenylacetic acid that the conspiracy sought to purchase. Thomas did not contend that the phenylacetic acid contained waste products. Amendment 484 is not applicable to Thomas's case.

Thomas's § 2D1.11 argument was not raised in the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (internal quotations and citation omitted). In any event, the argument is meritless. See United States v. O'Leary, 35 F.3d 153, 154-55 (5th Cir. 1994); United States v. Bellazerius, 24 F.3d 698, 703 (5th Cir.), cert. denied, 115 S. Ct. 375 (1994). The decision of the district court is AFFIRMED.