IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50765
Summary Calendar

_____


WALTER MORRIS,

Plaintiff-Appellant,

versus

SCOTT COMSTOCK, Warden;
WAYNE SCOTT, Director of Texas
Department of Criminal Justice,

Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-23
- - - - - - - - - - -
April 8, 1996

Before HIGGINBOTHAM, DUHE' and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Walter Morris appeals the dismissal pursuant to Fed. R. Civ.
P. 12(b)(6) of his civil rights complaint brought under 42 U.S.C.
§ 1983.  Morris alleges new claims against persons not named as
defendants in the district court.  We will not consider these
claims.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir.
1991).  Morris contends that the district court erred in
dismissing his complaint because the defendants failed to

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

supervise their subordinates to ensure that he received due process in his disciplinary hearing.  Supervisory officials sued under § 1983 are not vicariously liable for the actions of their subordinates.  <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987).  A supervisor will have personal liability only if he is personally involved in the constitutional deprivation or if there is a sufficient causal connection between the supervisor's conduct and the violation.  <u>Id</u>. at 304.

The district court did not err in its dismissal. Accordingly, the district court's judgment is AFFIRMED.

Morris' motion to stay the § 1983 proceeding pending exhaustion of his state habeas remedies is DENIED.