IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11298
Summary Calendar

_____

FLOYD ARRANT,

                                        Plaintiff-Appellant,

versus

DARWIN SANDERS ET AL.,

                                        Defendants,

DON R. BROWN, III; JOE DONALDSON, Dr.,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:93-CV-291
- - - - - - - - - - -
June 3, 1997
Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Floyd Arrant, Texas prisoner #636679, appeals the dismissal
of his 42 U.S.C. § 1983 lawsuit against Don R. Brown and Dr. Joe
Donaldson.  Arrant contends that the district court erred by
granting summary judgment, dismissing his claims of inadequate
medical treatment against Dr. Donaldson and his claims of

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

deliberate indifference against Brown.

Arrant has failed to demonstrate any material facts in dispute concerning the medical treatment he received. Arrant's claims against Dr. Donaldson amount to nothing more than disagreement with, or a lack of success from, the treatment that was prescribed. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(unsuccessful treatment, negligence, medical malpractice, and disagreement with prescribed medical treatment does not constitute a § 1983 violation). By failing to assert them on appeal, Arrant has abandoned his claims against Dr. Donaldson related to the medical treatment he received in conjunction with his heart condition and the alleged failure to change his medical classification. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Arrant also has not demonstrated a material fact in dispute concerning his claims against defendant Brown. Arrant has not shown that Brown acted with deliberate indifference to a known medical restriction or that Brown's conduct aggravated a serious medical condition. Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Arrant's loss of commissary privileges does not amount to a violation of due process. See Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995)(no due process violation if conditions do not impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life).

The decision of the district court is AFFIRMED.