IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-10565

Summary Calendar

---

RODNEY LEE WOODS,

                                        Plaintiff-Appellant,

versus

JOEL V. YOUNG; SHAFFER, Dr.; JOHN DOE,

                                        Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Texas
(1:95-CV-152-BA)

---

March 19, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Rodney Lee Woods, Texas Prisoner # 627825, appeals from the grant of summary judgment against him on his § 1983 action.  Woods claimed that prison officials were deliberately indifferent to his serious medical needs and inflicted cruel and unusual punishment upon him.  He contended that his rights were violated when prison officials assigned him to work in a field squad despite his back condition, which he argues prison doctors misdiagnosed.

---

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The magistrate judge initially dismissed without prejudice Woods' claims against Young, a warden of Woods' prison, because Woods had failed to allege Young's personal involvement, and we affirmed that dismissal. In this appeal, Woods contends that the magistrate erred in failing to reassess Woods' claim against Young in light of Woods' amended complaint. Yet Woods does not set forth to us the nature of Young's personal involvement. Accordingly, Woods has abandoned this claim on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Woods also complains that the magistrate judge improperly dismissed his official-capacity claims against Young on Eleventh Amendment grounds. Yet it is well settled that Woods can not evade a state's Eleventh Amendment immunity by suing state employees in their official capacity. See Green v. State Bar of Texas, 27 F.3d 1083, 1087 (5th Cir. 1994).

Finally, Woods contends that the magistrate judge erred in granting summary judgment in favor of Dr. Shaffer on Woods' claims against Shaffer in his individual capacity. Yet Woods must allege that Shaffer was deliberately indifferent to his serious medical needs. See Wilson v. Seiter, 501 U.S. 294, 297, 302-05 (1991). At best, Woods has alleged a cause of action for negligence, which does not by itself give rise to a § 1983 claim. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

AFFIRMED.

2