IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21066
Conference Calendar
_____


ALANDER D. DOGGINS,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division;
RODRIGUEZ, Officer; JACKSON, Lieutenant,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-2070
--------------------

December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Alander D. Doggins, Texas prisoner # 742551, appeals the
district court's dismissal of his civil rights complaint under 42
U.S.C. § 1983.  "To state a claim for relief under 42 U.S.C.
§ 1983 for denial of medical treatment, a prisoner must allege
deliberate indifference to his serious medical needs."  Varnado
v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(internal quotation
and citation omitted); see also Wilson v. Seiter, 501 U.S. 294,

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

303 (1991).  Mere negligence, neglect, or medical malpractice do not give rise to a § 1983 cause of action.  <u>Varnado</u>, 920 F.2d at 321.

Doggins asserts that he was subjected to cruel and unusual punishment by being housed on the third floor of the prison because he is asthmatic.  This is at most a claim for negligence because Doggins does not allege that the guards on the new unit to which he was transferred had any intention of specifically inflicting pain.   Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).  Similarly, Doggins does not assert that the guard deliberately closed the cell door on him.  Even if Doggins was injured due to the incident, he has been treated and given restrictions based on his medical condition.  His current complaint is a mere disagreement with the treatment and restrictions.  This is not sufficient to support a § 1983 action.

AFFIRMED.