IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10937
Conference Calendar

_____

JOSE SANCHEZ-MONTOYA,

                                          Plaintiff-Appellant,

versus

SAM PRATT, Warden; GORDON TRUEBLOOD, Health Services
Administrator; UNKNOWN OPTOMETRIST; UNKNOWN PHYSICIAN'S
ASSISTANTS,

                                          Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-2528-P
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jose Sanchez-Montoya (#59425-065), a federal prisoner, has

appealed the district court's order granting summary judgment in

favor of the defendants and dismissing his <u>Bivens</u> action.  <u>See</u>

<u>Bivens v. Six Unknown Named Agents of the Federal Bureau of</u>

<u>Narcotics</u>, 403 U.S. 388 (1971).  The pleadings and summary

judgment evidence reflect that one physician thought surgery was

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicated for Sanchez' eye condition and that another physician disagreed and thought the condition could be managed with medication.

Under <u>Bivens</u>, a victim who has suffered a constitutional violation by a federal actor can recover damages in federal court. <u>Bivens</u>, 403 U.S. at 395-97. The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994). Unsuccessful medical treatment, negligence, or medical malpractice do not constitute deliberate indifference. <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Sanchez' "[d]isagreement with [his] medical treatment does not state a claim for Eighth Amendment indifference to medical needs." <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997).

Defendants Pratt and Trueblood were sued because they refused to overrule the decisions of the prison medical staff. Supervisory officials sued under § 1983 are not vicariously liable for the actions of their subordinates. <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987). A supervisor will have personal liability only if he is personally involved in the constitutional deprivation, or if there is a sufficient causal connection between the supervisor's conduct and the violation.

Id. at 304. Sanchez does not contend that Pratt or Trueblood were personally involved in his medical treatment or that there was some other causal connection between their actions and a constitutional deprivation.

Sanchez' appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, the appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2.

Sanchez is advised that the dismissal of this appeal counts as a "strike" pursuant to 28 U.S.C. § 1915(g). Sanchez is CAUTIONED that, if he accumulates three "strikes," he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.