IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31216
Summary Calendar
_____

LEMUEL R. LOCKETT,

Plaintiff-Appellant,

versus

RICHARD L. STALDER, Secretary, Department of Public Safety
and Corrections; ED C. DAY, Warden, Washington Correctional
Institute; KATHLEEN MCGINNIS, Hospital Administrator, Washington
Correctional Institute; VISITACION RAMIREZ, DR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-3843-N
--------------------
September 25, 2000

Before GARWOOD, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Lemuel R. Lockett, Louisiana prisoner # 81144, appeals the

district court's dismissal of his 42 U.S.C. § 1983 civil rights

action as frivolous pursuant to 28 U.S.C. § 1915A.  He argues

that Richard Stalder, Ed Day, Kathleen McGinnis, and

Dr. Visitacion Ramirez denied him adequate medical care for an

injury to his left hip, knee, leg, and lower back and for a

congenital defect in his left leg.  He argues that the defendants

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failed to provide corrective surgery for a dislocated left hip, failed to provide crutches, and failed to provide physical therapy. Because Lockett has not shown that Stalder, Day, or McGinnis were directly and personally involved in his medical care, he has not shown that they are liable under § 1983. See Alton v. Texas A & M University, 168 F.3d 196, 200 (5th Cir. 1998). A review of Lockett's medical records indicates that he received extensive medical treatment and that Dr. Ramirez did not act with deliberate indifference to his serious medical needs. The record shows that his left hip was not dislocated and did not require surgery, that he received crutches shortly after his injury; and that he attended six weeks of physical therapy as ordered and was discharged after meeting his physical therapy goals. Lockett has not shown that he was denied adequate medical care. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Lockett argued for the first time in his objections to the magistrate judge's report that the defendants failed to provide orthopedic shoes in a timely manner to help correct his congenitally shorter left leg. Lockett had previously been advised by the magistrate judge in a telephone conference that if he wished to add new claims, he would be required to file a motion for leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a). Because Lockett failed to file such a motion, the district court did not err in not considering this claim. However, Lockett's own allegations indicate that the orthopedic shoes were ordered in December 1998 and that he received them in

June 1999. He has not shown that Dr. Ramirez acted with deliberate indifference to delay his receipt of the shoes.

Lockett argues that the district court abused its discretion in dismissing as frivolous his claim that the defendants improperly denied his request for "indoor work status" due to his injury and congenital defect. Because Lockett has not shown that any of the named defendants were directly and personally responsible for making his work assignments, he has not shown that they are liable under § 1983. See Alton, 168 F.3d at 200. Further, Lockett acknowledged that his work restrictions were changed shortly after his injury to no lifting, no bending, and no mopping. Lockett has not shown that any of his doctors recommended that he only work indoors due to his injury. Lockett has not shown that the defendants acted with deliberate indifference in denying his request for "indoor duty status."

Lockett argues that the district court abused its discretion in not exercising its supplemental jurisdiction over his state law claims. Because the district court had dismissed all of Lockett's § 1983 claims, the district court did not abuse its discretion in declining to exercise its jurisdiction over Lockett's state law claims.

AFFIRMED.