IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30501
Summary Calendar
_____


ELMO HUMPHREY, III,

                                        Plaintiff-Appellee,

versus

LOUISIANA STATE PENITENTIARY; ET AL.,

                                        Defendants,


HAND, DR.; TARVER, DR.; WIEST, DR.; BURL CAIN,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-450-B
--------------------
January 10, 2002
Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

    Elmo Humphrey, III, filed a civil rights complaint against the defendants, alleging that they were deliberately indifferent to his serious medical needs in refusing and/or misdiagnosing and improperly treating his medical condition. The defendants appeal the district court's denial of their motion to dismiss based on qualified and Eleventh Amendment immunity.

_____

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have jurisdiction to review this order to the extent it turns on an issue of law.  See Mitchell v. Forsyth, 472 U.S. 511, 524-25 (1985).  We review *de novo* the district court's denial of the motion to dismiss.

We note first that the district court failed to consider the adequacy of Appellee's allegations under the rubric of Schultea v. Wood, 47 F.3d 1427, 1432-33 (5th Cir. 1995) (en banc) (imposing a "heightened pleading" standard on plaintiff when claims are met by a qualified immunity defense).

Humphrey made inconsistent allegations that the defendant doctors failed to treat him and treated him for a condition different than the one he suffered.  Humphrey's allegation that the doctors misdiagnosed and failed to properly treat his gangrene and, instead, treated him for hemorrhoids amounts, at most, to malpractice, neglect, or negligence, not deliberate indifference. This does not establish an unconstitutional denial of care.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  To the extent that Humphrey alleged that one of the doctors may have refused to treat him, read in the context of all of Humphrey's allegations that he was misdiagnosed and treated for hemorrhoids, the refusal-to-treat  appears to be an allegation that a doctor did not treat Humphrey when or in a manner that Humphrey wanted.  At most, this amounts to a disagreement by Humphrey with the type and timing of the treatment he received, and is insufficient to state an unconstitutional denial of medical care.  See Varnado, 920 F.2d at 321.

Humphrey thus has not stated a valid claim of deliberate indifference to medical needs in connection with the defendant doctors' treatment of his medical condition. Accordingly, the defendant doctors were entitled to qualified immunity. See Harris v. Victoria Indep. Sch. Dist., 168 F.3d 216, 223 (5th Cir. 1999).

The district court adopted the magistrate judge's conclusion that Humphrey's allegation that Warden Cain had in place a deficient medical delivery policy was sufficient to state a claim. However, in light of Humphrey's allegation that he actually received treatment, albeit for a condition other than the one he actually suffered, his conclusional allegation regarding a deficient medical delivery policy must fail. Even if the Warden had such a deficient policy, Humphrey failed to allege that the policy caused his injury or a constitutional violation by the defendant doctors.

Because Humphrey failed to allege a constitutional violation by the defendant doctors or by Warden Cain, the district court erred in concluding that the Appellants were not entitled to qualified immunity.

We VACATE the district court's denial of the defendants' motion to dismiss based on qualified immunity. As this leaves no remaining federal claims involved in the case, the district court should decline to exercise jurisdiction under 28 U.S.C. § 1367(c)(3) over the supplemental state-law claims. We VACATE the denial of the motion to dismiss based on Eleventh Amendment

immunity and REMAND those claims to district court for dismissal without prejudice.

VACATED AND REMANDED.