IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11407
Conference Calendar
_____

JACKIE NORTH,

                                        Plaintiff-Appellant,

versus

RICHARD HULTS, M.D.; DICK WARE HEALTH SERVICES;
GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION; F.N.U. BRYAN, Unit Warden,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-92
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Jackie North, Texas prisoner # 1007355, appeals the

dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for

failure to state a claim.  He argues that he has stated an Eighth

Amendment claim because he has alleged that Dr. Hults performed

below the requisite standard of medical care when he nicked a

vein in his buttocks while excising an ulcer and because he has

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

alleged that prison officials did not send him to a hospital to stop the bleeding, which he alleges continued for 60 days after the surgery. He does not dispute, however, that he received medical treatment from prison medical staff during the months after surgery.

North has not stated a claim under 42 U.S.C. § 1983 because his allegations are complaints of medical malpractice and a disagreement over the appropriate course of treatment following surgery. Unsuccessful medical treatment, acts of negligence or medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment are insufficient to establish an unconstitutional denial of medical care. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); see Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). He has therefore not established that the magistrate judge erred in dismissing his complaint for failure to state a claim.

AFFIRMED.