IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60967
Summary Calendar
_____


MILAS HARVEY

                    Plaintiff - Appellant - Cross-Appellee

     v.

STEVE GARBER, Hancock County Sheriff; GERALD NECAISE,
Hancock County Jail Warden; DAVID JOHNSON, Hancock
County Deputy Sheriff Sergeant

                    Defendants - Appellees

MARK A MCFARLAND, Doctor of Dental Medicine

                    Defendant - Appellee - Cross-Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CV-270-Br-R
--------------------
August 16, 2002

Before KING, Chief Judge, and WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

     Milas Harvey appeals the summary-judgment dismissal of his

42 U.S.C. § 1983 complaint.  In his complaint, he alleged that

the defendants were deliberately indifferent to his serious

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

medical needs by failing to provide prompt and proper dental care.

We have reviewed the record and the briefs on appeal and conclude that the district court did not err in granting summary judgment in favor of the appellees. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). A review of the record revels that Harvey's claims amounted to, at the most, claims of negligence and medical malpractice which do not give rise to a 28 U.S.C. § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

McFarland, in his cross-appeal, avers that the district court erred in dismissing Harvey's pendant state law claims without prejudice. Because the district court properly dismissed all of the claims that provided it with original jurisdiction in the case, the dismissal without prejudice of the supplemental state law claims was not an abuse of discretion under 28 U.S.C. § 1367. See Batiste v. Island Records, Inc., 179 F.3d 217, 226 (5th Cir. 1999); 28 U.S.C. § 1367. Given the foregoing, the judgment of the district court is AFFIRMED.