IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50692
Summary Calendar
_____


JAMES EDWARD DEMOSS,

                                        Plaintiff-Appellant,

versus

RALPH LOPEZ, Sheriff; CHAUNCEY SPENCER; JOHN C. SPARKS,
Medical Doctor; G. MENDEZ; RAJA SAAD, Dr.; JOHN DOE 1-10;
JIM DOE 1-10; JOHN DOE, Dr., Texas Department of Criminal
Justice, Garza West Unit; DR. KELLEY; DR. VINGH; DR. HUFF;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; BEXAR COUNTY ADULT DETENTION CENTER,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-1416
--------------------
September 6, 2002

Before JONES, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    James Edward DeMoss, TDCJ-ID # 894554, appeals the district
court's grant of summary judgment in favor of the defendants and
the dismissal of his claims under 42 U.S.C. § 1983.  DeMoss
suffered a back injury after slipping and falling on a wet stair
step; he alleges that the wet step and his resulting fall were a

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

result of a detention center policy requiring some inmates to carry their meal trays upstairs to their cells.

We review a grant of summary judgment de novo.  Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). DeMoss's factual allegations do not show that the defendants acted with deliberate indifference to a substantial risk of serious harm.  See Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999).  We conclude that, at most, DeMoss has alleged a claim of negligence, which is not actionable under 42 U.S.C. § 1983.  See Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995).

DeMoss also alleges that the defendants acted with deliberate indifference because his back injury was not treated by a "qualified" physician while he was incarcerated at the Bexar County Adult Detention Center.  We conclude that DeMoss's claim represents a disagreement with the treatment he received, which is not actionable under 42 U.S.C. § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Therefore, the district court's grant of summary judgment and dismissal of the complaint is AFFIRMED.  All pending motions are DENIED.