IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30212
Summary Calendar
_____


RICKEY EVANS,

                                        Plaintiff-Appellant,

versus

BRYAN READY; E. BOUDREAUX; JOSEPH M. TURNER; D. BORDELON;
RONNIE JETT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-1032-B
--------------------
September 17, 2002

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:*

    Rickey Evans, Louisiana prisoner # 108026, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint.

Evans argues that the district court erred in granting summary

judgment in favor of defendant Sergeant Bryan Ready on Evans's

claims of deliberate indifference to his serious medical needs

and retaliation.  Evans has failed to show that he stated a claim

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for deliberate indifference to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  With regard to the retaliation claim, Evans's conclusional allegations are insufficient to meet his summary judgment burden.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Evans also argues that the district court erred in dismissing his complaint against all of the other defendants for failure to state a claim.  Because he did not allege any personal involvement by these defendants in the withholding of his medications, Evans failed to state a claim for deliberate indifference to serious medical needs against these defendants.  See Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).  At most, Evans's allegations against these defendants stated a claim of negligence, which is insufficient to state a claim under 42 U.S.C. § 1983.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Evans has failed to present any argument as to the propriety of the district court's denial of his postjudgment motion.  Thus that issue has been abandoned.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.