United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21370
Summary Calendar

_____

ROBERT LEE MUDD,

Plaintiff-Appellant,

versus

JANIE COCKRELL; ALFRED M. STRINGFELLOW; DR. LANNETTE LINTHICUM;
GLENDA M. ADAMS, ALLEN HIGHTOWER,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2128
---------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Lee Mudd, Texas prisoner # 424596, appeals the
district court's summary judgment in favor of defendants and its
dismissal with prejudice of his 42 U.S.C. § 1983 complaint in
which he alleged failure to provide a humane and constitutional
healthcare system.  More specifically, Mudd alleged negligence
and deliberate indifference to his serious medical needs via the
defendants' failure to provide adequate medical care and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

treatment to all prisoners infected with the Hepatitis C virus (HCV), in violation of the constitution and the Americans with Disabilities Act (ADA). The district court ordered service on only three of the named defendants, Lannette Linthicum, Glenda M. Adams, and Allen Hightower, all of whom moved for summary judgment.

As Mudd did not present any evidence of deliberate indifference to serious medical needs stemming from the creation or management of the prison's health care system, particularly, its method for treating inmates with HCV, he cannot prevail on his arguments (1) that the district court improperly assessed credibility in ruling on defendants' motion for summary judgment, (2) that the district court improperly decided disputed facts, and (3) that there were material, disputed, factual issues. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Nor can he prevail on his arguments that the district court improperly allowed the defendants to supplement their motion for summary judgment, and that the district court improperly dismissed defendants Adams and Hightower, and should have allowed him to add defendants. Mudd cites no procedural rules or cases indicating that the defendants' should not have been allowed to supplement their original motion. Moreover, there was no new evidence attached to the defendants' reply. Thus, there was no

reason for the court not to accept the defendants' reply, whether characterized as a "supplement" or not.

Mudd argues that the district court improperly dismissed Adams and Hightower and should have allowed him to amend his complaint to include all other members of the Correctional Managed Health Care Committee responsible for the implementation of the HCV treatment policy. He does not state who those additional committee members might be. As Mudd has made only conclusional allegations but has not shown how the policies at issue are unconstitutional, the inclusion of Adams and Hightower and/or the addition of other committee members could not have saved his claim from dismissal. See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co., 195 F.3d 765, 771 (5th Cir. 1999)(court has discretion to deny a motion to amend if it is futile).

AFFIRMED.