United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20214
Summary Calendar

_____

ANTHONY F. HOUSTON,

                                   Plaintiff-Appellant,

versus

JAMES R. ZELLER; MELVIN BROCK; WALTER LONG, Doctor;
WILLIAM H. REINKINS; ROCHELLE MCKINNEY,

                                   Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3461
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     Anthony F. Houston, Texas prisoner # 719384, appeals the

dismissal on summary judgment of his civil rights complaint filed

pursuant to 42 U.S.C. § 1983.  Houston argues that prison

officials and medical care providers at the Ferguson Unit of the

Texas Department of Criminal Justice (TDCJ) violated the Eighth

Amendment prohibition against cruel and unusual punishment by

showing deliberate indifference to his serious medical needs.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Houston alleges that the medical providers Dr. Walter Long and William H. Reinkins withheld needed medications from him and failed to restrict his prison work assignments; however, Long and Reinkins were never served with the complaint and have not appeared in the suit. Houston also named as defendants the head warden James R. Zeller, the assistant warden Melvin Brock, and Rochelle McKinney, the TDCJ's regional medical administrator (collectively, the defendants), asserting that these supervisory prison officials refused to take proper action on his grievances to remedy the constitutional violations. Houston seeks injunctive and monetary relief.

Houston's claims against the defendants in their official capacities fail as a matter of law because a state official sued in his or her official capacity is not a "person" who can be sued for purposes of liability under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

Houston has not shown that the defendants or his medical providers "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for [his] serious medical needs." See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted). At most, Houston has established that he disagreed with the prison physician's choice of medications for him and the physician's judgment that he was not

restricted medically as to job assignments; such disagreements cannot support a claim of cruel and unusual punishment.  <u>See</u> <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

Thus, Houston's claims against the defendants in their individual capacities and for injunctive relief, while cognizable under 42 U.S.C. § 1983, also fail because Houston has not shown that there exists any genuine issue of material fact regarding whether the defendants either were personally involved in any constitutional violation or whether there was a causal connection between the defendants' conduct and any constitutional violation. <u>See</u> <u>Thompkins v. Belt</u>, 828 F.2d 298, 304 (5th Cir. 1987). Consequently, the district court's dismissal of Houston's complaint is AFFIRMED.