United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60710
Summary Calendar

RANDY GENE WIGGINS,

Plaintiff-Appellant,

versus

MOHAMED ZEIN, DR.; JAMES HOLMAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-532-BN
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Randy Gene Wiggins, Texas prisoner #65084, appeals the jury verdict in favor of the defendants in his pro se, in forma pauperis 42 U.S.C. § 1983 action. He argues that the evidence showed that the defendants were deliberately indifferent to his serious medical needs. We have reviewed the record and the briefs on appeal and conclude that there was some evidence to support the jury's verdict. Phillips v. Frey, 20 F.3d 623, 627 (5th Cir. 1994). The evidence showed that Wiggins received

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment for his knee injury, including pain medication, x-rays, ice packs, Ace bandages, and crutches. Farmer v. Brennan, 511 U.S. 825, 839-41 (1994). Wiggins's allegations demonstrate, at most, negligence and disagreement with the treatment received; such conduct does not establish a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Wiggins asserts next that the district court erred in failing to instruct the jury (1) that "repeated" instances of negligence could constitute deliberate indifference and (2) on the types of damages available. Wiggins did not request these jury instructions or object to the court's instructions. As no manifest injustice is imminent, we need not address the issue. Varnado, 920 F.2d at 321.

Wiggins also asserts that defense counsel improperly obtained and introduced into evidence mental health records in an effort to prejudice the jury. Wiggins contends that he was prejudiced by the tendency of the evidence to show that he was incompetent and that he had been treated for sexual aggression against children.

Contrary to Wiggins's assertion, his prison medical file did contain documents pertaining to his treatment for a psychological disorder; and Wiggins admitted at trial that defense counsel had access to his prison medical file. Furthermore, Wiggins's testimony with regard to the type of mental disorder from which he was suffering opened the door to defense counsel's questioning. United States v. Delk, 586 F.2d 513, 516 (5th Cir. 1978)(holding

2

that defendant cannot object to counsel's attempt to rebut proposition once defendant has opened door to line of testimony).

Wiggins's argument that the trial court prohibited him from introducing evidence is conclusional.  He does not state the nature of the evidence.  Given the foregoing, the judgment of the district court is affirmed.  Wiggins's motion for oral argument is DENIED. AFFIRMED; MOTION FOR ORAL ARGUMENT DENIED.