United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10211
Summary Calendar

TROY L. BISHOP,

Plaintiff-Appellant,

versus

DR. RICHARD ORR; TRESA SIRMAN; SUZZANE T. PAUL;
NFN HOLBAUM; TIM REVELL; CAROLYN HESS; CHERRY BENNERT;
DENNIS BROWN; SHIRLY CATHCART; TDCJ-ID PHARMACY;
HERMAN WESTON; JOE G. COX; TONY L. ESTEP; MARVIN R. CAIN, JR.;
NFN DAVIS; D.F. FONDERN; RN MA ROCHELLE MCKINNEY;
C. FORGESON,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-202
---------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Troy L. Bishop, Texas prisoner # 688987, appeals the
district court's dismissal of his complaint pursuant to 28 U.S.C.
§§ 1915A and 1915(e)(2)(B). Bishop argues that the defendants
were deliberately indifferent to his serious medical needs
because on two occasions lasting several days he did not receive
his prescribed medication or an alternate medication and suffered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injury when he fell after having two seizures. He also argues that he was discharged from a prison psychiatric program in retaliation for threatening to file a lawsuit.

The record shows that medical personnel noted the lapses in Bishop's medication and more than once re-ordered the prescription but the drug was not delivered in a timely manner. We conclude from a review of the record that, even if Bishop's allegations were to state a claim for medical malpractice, he has not shown that the defendants were deliberately indifferent as required for a constitutional claim. See Estelle v. Gamble, 429 U.S. 97, 105-07 (1976); Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). We also conclude that Bishop's retaliation claim, to the extent that it was exhausted, is without merit. See 42 U.S.C. § 1997e(a); Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

AFFIRMED.