United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31225
Summary Calendar

CLARENCE RANDOLPH, JR.,

Plaintiff-Appellant,

versus

ST. TAMMANY PARISH SHERIFF'S OFFICE; RODNEY J. STRAIN, JR.,
St. Tammany Parish Sheriff; FARREL CRANDLE, St. Tammany
Parish Jail Medical Director; MARLIN PEACHEY, Warden,
St. Tammany Parish Jail,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CV-1239
--------------------

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Clarence Randolph appeals the dismissal of his 42 U.S.C.
§ 1983 suit, wherein he alleged that the defendants failed to
protect him from harm and were deliberately indifferent to his
medical needs while he was incarcerated in the St. Tammany Parish
Jail. During the course of the litigation, Randolph's claims
against St. Tammany Parish President Kevin Davis, the St. Tammany
Parish Consolidated Government, the St. Tammany Parish Sheriff's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Office, Peter Galvin, Warden Marlin Peachey, and Farrell Crandle were dismissed. Following the dismissal of his claims against Strain, Randolph appealed.

Randolph argues that the magistrate judge[**] erred by granting Strain's motion for summary judgment because he presented sufficient facts to support his claims. He also seeks leave to supplement the record on appeal to include evidence not before the magistrate judge.

Randolph's motion to supplement the record on appeal is denied. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Randolph has not briefed any issues related to the dismissal of any defendant, except Strain. By failing to brief any issues related to the dismissals of the other defendants, he has abandoned these issues on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

A review of the record shows that Randolph failed to allege facts sufficient to establish that Strain was deliberately indifferent to Randolph's safety. Accordingly, Randolph failed to establish that Strain failed to protect him. See Farmer v. Brennan, 511 U.S. 825, 833-34, 837 (1994).

A review of the record also shows that Randolph failed to establish that Strain was deliberately indifferent to Randolph's serious medical needs. Randolph received medical treatment for

_____

[**] The parties consented to proceed before the magistrate judge.

the injuries he sustained after he was attacked by another prisoner. His allegations establish nothing more than a disagreement with the medical treatment provided. These allegations are insufficient to state a constitutional claim. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, the judgment is affirmed.

JUDGMENT AFFIRMED; MOTION DENIED.