# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-30363
Summary Calendar

KATHLEEN MARIE ELLIOTT, individually & on behalf of Barry Ray Elliott
on behalf of Courtney Marie Elliott; BRYAN CHRISTOPHER ELLIOTT;
DEWEY QUINTON ELLIOTT; MARJORIE LOUISE ELLIOTT

Plaintiffs-Appellants

v.

LARRY C. DEAN, in his capacity as Sheriff of Bossier Parish; KENNETH
WEAVER, in his capacity as Warden of Bossier Parish Penal Farm; MARK
TOLOSO, in his capacity as an officer at the Bossier Parish Penal Farm;
JOHN DOES 1-33; ST. PAUL FIRE & MARINE INSURANCE CO.

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-2580

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Barry Ray Elliott died while in custody of the Bossier Parish Sheriff's
Department, after experiencing severe drug withdrawals following his arrest for
attempting to obtain a controlled substance by fraud. The autopsy report stated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that Elliott died of natural causes with the immediate cause of death being acute myocardial ischemia and the underlying causes being cirrhosis of the liver with severe fatty changes and chronic drug abuse.

Appellants filed this action under 42 U.S.C. § 1983, claiming Appellees failed to provide Elliott medical care, in violation of the Eighth Amendment. Summary judgment was awarded Appellees, employees of the Sheriff's Department, against the claim they were deliberately indifferent to Elliott's medical needs.

Summary judgment is appropriate when the summary judgment evidence "show[s] that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). A summary judgment is reviewed de novo, applying the same standard as the district court. E.g., Breen v. Texas A&M Univ., 485 F.3d 325, 331 (5th Cir. 2007), modified on other grounds on reh'g, 494 F.3d 516 (5th Cir. 2007) (per curiam), petition for cert. filed (July 23, 2007) (No. 07-87). In determining whether summary judgment is proper, the evidence is viewed in the light most favorable to the non-movant, drawing all reasonable inferences in his favor. E.g., Rothgery v. Gillespie County, Tex., 491 F.3d 293, 296 (5th Cir. 2007).

The Eighth Amendment rights of prisoners, or in this instance pre-trial detainees, are violated when prison or jail officials demonstrate deliberate indifference to serious medical needs, which constitutes an "'unnecessary and wanton infliction of pain'". Estelle v. Gamble, 429 U.S. 97, 104 (1991) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976) (joint opinion)). Deliberate indifference is a difficult standard to meet; it will be found only where the prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it". Farmer v. Brennan, 511 U.S. 825, 847 (1994). Neither unsuccessful medical treatment nor "[m]ere negligence, neglect or medical malpractice" gives rise to deliberate

indifference. E.g., Vernado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (quotation omitted).

Essentially for the reasons stated by the district court in its detailed opinion, such judgment was proper. In this regard, even when viewed in the requisite light most favorable to Appellants, the evidence, at best, establishes nothing more than negligence by Appellees. Appellants maintain their repeated warnings to the Sheriff's Department about Elliott's medical condition, combined with the previous death of another inmate under similar circumstances, create a material fact issue on whether Appellees acted with deliberate indifference. Elliott, however, received extensive and continuous medical treatment and attention. As the district court noted, the jail officials "provided Elliott with professional medical treatment each time he requested medical attention and each time it appeared medical attention was necessary". Elliott v. Deen, No. 04-2580 (W.D. La. 2007). Elliott was given his prescribed medicine, monitored by medical staff, and taken to the emergency room when medical professionals so recommended. In addition, Appellee, the warden, obtained an order allowing Elliott to be released from jail and admitted to a private treatment center.

In the light of the deliberate-indifference standard required for an Eighth Amendment violation, as well as the evidence of medical care provided Elliott, Appellants cannot establish a material fact issue on whether the Appellees' actions meet the "subjective recklessness" standard required for deliberate indifference. Farmer, 511 U.S. at 839-40. (Accordingly, we need not address whether Appellees are entitled to qualified immunity.)

AFFIRMED.