**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-20196
Summary Calendar

CORNELIUS R WYATT

Plaintiff-Appellant

v.

LAKE SMITH, Officer; GEORGE PAYNE, Officer

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1343

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cornelius R. Wyatt, Texas inmate # 631802, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 action. Wyatt suffered burns when a prison bus in which he was a passenger caught fire after a tire blew out. The district court determined that the defendants, prison officers Lake Smith and George Payne, were entitled to qualified immunity.

On appeal, a grant of summary judgment is reviewed *de novo* using the same standard used by the district court. *Amburgey v. Corhart Refractories*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Corp.*, 936 F.2d 805, 809 (5th Cir. 1991). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(c).

"Once a public official raises the defense of qualified immunity, the burden rests on the plaintiff to rebut it." *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 407 (5th Cir. 2007). "On a motion for summary judgment, a plaintiff must produce evidence showing two things: (1) that the defendants violated the plaintiff's constitutional rights and (2) that the violation was objectively unreasonable." *Id.*

Wyatt argues that Smith and Payne placed him at a substantial risk of serious harm by failing to stop the vehicle when they were aware that there was smoke coming from the bus. However, the summary judgment evidence does not provide a basis for finding that either Smith or Payne actually drew the inference that inmates faced a substantial risk of serious harm based on a defect in the bus and deliberately ignored that risk. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The evidence, at best, establishes that the defendants were negligent in that they failed to act prudently when they were aware that a problem with the bus had developed. Mere negligence, however, cannot establish a constitutional violation for deliberate indifference. *See Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003)*; Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Wyatt has not pointed to evidence showing that Smith or Payne violated his constitutional rights. *See Zarnow*, 500 F.3d at 407.

Wyatt further argues that Smith and Payne acted with deliberate indifference because they did not promptly move the prisoners from the bus when the fire first started. He notes that a third officer aboard the bus suggested that the prisoners be moved. As Wyatt concedes, however, Smith and Payne attempted initially to extinguish the fire. When their efforts proved unsuccessful, the bus was then evacuated. Wyatt has not pointed to evidence

that shows that Smith and Payne deliberately ignored a substantial risk of serious harm. *See Farmer*, 511 U.S. at 834. He has failed to show that he met his burden to overcome the defense of qualified immunity. *See Zarnow*, 500 F.3d at 407.

AFFIRMED.