# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2020

Lyle W. Cayce
Clerk

No. 18-60714
Summary Calendar

JOEY MONTRELL CHANDLER,

Plaintiff-Appellant

v.

WEXFORD HEALTH; MISSISSIPPI DEPARTMENT OF CORRECTIONS;
DOCTOR JUAN SANTOS; DOCTOR PAUL MADUBUONWU; MARSHALL
FISHER, Commissioner; DOCTOR GLORIA PERRY, Chief Medical Officer;
DOCTOR BROWN; CHRISTOPHER EPPS, Retired Mississippi Department
of Corrections Commissioner; DOCTOR LORENZO CABE, Former Mississippi
Department of Corrections Doctor; DOCTOR JOHN HOCHBURG, Former
Doctor; JERRY WILLIAMS, Deputy Commissioner; DOCTOR LEHMAN,
Former Doctor; SUPERINTENDENT EARNEST LEE; HENDRIK KUIPER,
Medical Director,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:15-CV-102

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-60714

Joey Montrell Chandler, Mississippi prisoner # 109052, filed a civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs.  The defendants moved for summary judgment.  The district court found that all claims of denial of medical care, including those barred by the statute of limitations, failed to state a claim upon which relief could be granted.  Specifically, the district court found that Chandler could not show a deliberate indifference to his serious medical needs because the lengthy medical record showed that he had been examined and treated on hundreds of occasions for his various medical problems.  The district court concluded that his complaint was simply a disagreement with the course of treatment.

We review the grant of summary judgment de novo, applying the same standard as the district court.  *See Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000); FED. R. CIV. P. 56(a), (c)(1).  All of Chandler's arguments are based on his assertions that the treatment was ineffective and that the doctors were incompetent.  Giving full credit to the veracity and seriousness of Chandler's factual complaints, his assertions of unsuccessful medical treatment, negligence, neglect, medical malpractice, and mistaken judgment are the types of claims which do not amount to deliberate indifference to serious medical needs.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  The district court did not err in granting the motion for summary judgment on the merits of Chandler's claims.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Couched in terms of sovereign immunity and the Eleventh Amendment, Chandler argues that the defendants, in their official capacities, should not have been dismissed because they were personally aware of the inadequacies of his medical treatment.  The district court did not dismiss any defendant or

claim because a defendant was not personally aware of the factual occurrences alleged. This issue has no merit.

Chandler argues that the district court erred in dismissing some of his claims for inadequate medical care as time barred by the Mississippi statute of limitations. We need not address this issue because the district court specifically considered all of Chandler's claims of inadequate medical care, irrespective of date of occurrence, in granting summary judgment on the merits of Chandler's claims.

AFFIRMED.