IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60178
Conference Calendar

_____

ROBERT E. MACK,

Plaintiff-Appellant,

versus

ROBERT JOHNSON, Commissioner; JOHN BEARRY,
Medical Director, Unit 42; EMMITT SPARKMAN,
Superintendent; UNKNOWN THAXTON,
Maintenance Supervisor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-34-D-B
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Robert E. Mack, Mississippi prisoner # 25525, appeals from

the district court's dismissal of his civil rights complaint for

failure to state a claim pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). Mack argues that the defendants were

deliberately indifferent to his serious medical needs and to a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial risk of harm caused by a leaky shower at his place of incarceration.

Mack was treated for injuries sustained to his neck and back after he slipped and fell in a puddle of water on the floor of his cell.  We conclude that Mack's complaints concerning the medical treatment that he received fail to rise to the level of deliberate indifference.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); see also Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).  As for Mack's complaint that the defendants knew about the leak in the shower but failed to repair it, we conclude that, at most, Mack alleges a claim of negligence, which is not actionable under 42 U.S.C. § 1983.  See Daniels v. Williams, 474 U.S. 327, 332-36 (1986); Marsh v. Jones, 53 F.3d 707, 711-12 (5th Cir. 1995).  Accordingly, the district court did not err when it dismissed Mack's complaint for failure to state a claim for which relief may be granted.  This appeal is, therefore, frivolous and is DISMISSED as such.  See 5TH CIR. R. 42.2; see also Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

The dismissal of this appeal as frivolous and the district court's dismissal of this lawsuit as frivolous constitute two strikes for purposes of the 28 U.S.C. § 1915(g) bar.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  We caution Mack that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

DISMISSED AS FRIVOLOUS; WARNING ISSUED.