IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40447
Summary Calendar

_____

ANTWONE CHAPPELL,

Plaintiff-Appellant,

versus

UNIVERSITY OF TEXAS MEDICAL BRANCH;
UNITED STATES FEDERAL BUREAU OF PRISONS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-598
--------------------
January 17, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Antwone Chappell, federal prisoner # 78681-080, appeals the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim. Chappell argues that his Eighth Amendment rights were violated when he mistakenly was given an injection intended for another patient with a similar name (Chappelle). The responses to Chappell's administrative remedies indicate that the prison acknowledged the mistake but

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determined that it was a tuberculosis skin test that was administered to Chappell and that he was required to have one of these tests annually. Chappell argues that the injection was not a tuberculosis test, and he contends for the first time on appeal that the injection altered his blood pressure so that he now is required to take blood pressure medication. Paradoxically, he also contends that administration of the skin test may have increased his risk for developing tuberculosis, alleging a recent spread of the disease in prison. Because Chappell did not raise the arguments regarding his blood pressure or the spread of tuberculosis before the district court, we will not address these issues for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Chappell does not argue that the injection was administered with the knowledge that he was not the inmate who was supposed to receive it. Rather, he contends that the nurse's failure to request his identification card prior to administering the injection violated inmate accountability policies and indicated the need for further training of medical personnel. Given the absence of intentional conduct or specific factual allegations showing a pattern of similar conduct, Chappell has not established deliberate indifference under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 839-41, 847 (1994); Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, the judgment of the district court is AFFIRMED.