United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10251
Conference Calendar

BILLY G. PIERSON,

Plaintiff-Appellant,

versus

WILLIAM GONZALES; TEXAS TECH CORRECTIONAL MANAGED HEALTH
CARE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-15-C
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Billy Pierson, Texas prisoner # 907177, appeals from the
district court's dismissal with prejudice of his 42 U.S.C. § 1983
civil rights complaint for failure to state a claim for relief.
28 U.S.C. §§ 1915, 1915A.  Pierson has filed motions to proceed
on appeal, to amend his brief, for appointment of counsel, and
to conduct discovery.  His motion to amend his brief is GRANTED.
His motions to proceed on appeal, to appoint counsel, and to
conduct discovery are DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Pierson argues that he underwent surgery that resulted in the placement of a defective hip screw. Pierson contends that the insertion of this device as well as the inclusion of false documentation in his medical records constituted deliberate indifference to his medical needs. The district court did not err in concluding that Pierson's claims rise only to the level of medical malpractice or negligence, which is not actionable under 42 U.S.C. § 1983. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Pierson's disagreement with his method of treatment is also not cognizable under 42 U.S.C. § 1983. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997). Moreover, Pierson's allegation of false documentation also fails to state a cognizable 42 U.S.C. § 1983 claim.

Because Pierson's claims lack legal merit, his appeal is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The district court's dismissal of the present case and our dismissal of this appeal count as two strikes against Pierson for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We caution Pierson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) WARNING ISSUED.