United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60296
Conference Calendar

_____

HENRY C. PAYTON,

Plaintiff-Appellant,

versus

CHRISTOPHER B. EPPS, Commissioner;
E. L. SPARKMAN, Superintendent; JOHN BEARRY, Dr.,
MSP Medical Director; LARRY HARDY, Legal Claims Adjudicator,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-CV-126
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Henry C. Payton, Mississippi inmate # 65110, appeals the
dismissal of his civil rights complaint, filed pursuant to 42
U.S.C. § 1983. Payton has filed a Motion for a Preliminary
Injunction and/or in the alternative, for a Temporary Restraining
Order. Payton asks this court to enjoin the Mississippi
Department of Corrections from moving him to another prison unit
in retaliation for his filing the instant lawsuit. Payton's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

motion is DENIED.  See Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Payton argues that the district court erred when it dismissed his complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Payton's allegation that prison officials were negligent for failing to place slip guards and guard rails in the showers where he is housed fails to state a claim because a claim for negligence does not establish an Eighth Amendment violation.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Payton's allegation that prison officials failed to provide adequate medical treatment fails to state a claim because mere dissatisfaction with medical treatment does not rise to a constitutional violation.  See id.  Last, Payton's allegation that prison officials failed to comply with Mississippi state law when they overcharged him for medical treatment he received fails to state a claim inasmuch as a prison official's failure to follow state regulations does not establish a constitutional violation.  See Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

The district court's dismissal of the present case and this court's affirmance of the dismissal count as one strike against Payton for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Payton is WARNED that if he accumulates three strikes he will be barred from proceeding in forma pauperis in any civil action or appeal

filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.