United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30343
Summary Calendar

CLARENCE SAMUELS,

Plaintiff-Appellant,

versus

LONNIE HAY; MICHAEL RHODES; JUDD MOORE; RICHARD ROBINSON;
RICHARD L. STALDER; MEDICAL DEPARTMENT,
WADE CORRECTIONAL CENTER,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:02-CV-2490

Before HIGGINBOTHAM, JONES and PRADO, Circuit Judges.

PER CURIAM:*

Clarence Samuels, Louisiana prisoner # 133005, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e). We dismiss the appeal as frivolous.

Samuels's allegations do not support a determination that the defendants acted with deliberate indifference to his serious

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical needs.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994). His alleged complaints of pain and bleeding immediately following the extraction of his impacted wisdom tooth are insufficient to support a determination that Lonnie Hay knew that Samuels faced an excessive risk to health or safety if he was not seen by the oral surgeon.  See id.  Nevertheless, the record supports a determination that Hay was not indifferent to Samuels's complaints insofar as Hay returned Samuels to the oral surgeon for a pain shot. Samuels's allegation that he failed to receive the same pain medications and antibiotic originally prescribed him by his oral surgeon amounts only to a disagreement over the type of medical treatment afforded and, as such, is not a cognizable 42 U.S.C. § 1983 claim.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Finally, Samuels has not challenged the district court's determination that his allegation that the defendants attempted to persuade him to withdraw his grievance did not implicate the deprivation of a liberty interest and was therefore not a basis for 42 U.S.C. § 1983 recovery.  He has therefore waived review of that issue.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Samuels's appeal is without arguable merit and is dismissed.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Samuels is informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district

2

court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). We warn Samuels that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Samuels should review any pending appeals and withdraw any that are frivolous.

**APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.**