**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 24, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30466
Summary Calendar

KASCHANDRA S. GREER, individually as the daughter of/and
representative of the estate of Donnie James, SARAH SCOTT,
IRMA CLAYTON, SANDRA BRITTON, ALTHEA TOLIVER, BOSIE JAMES,
RONNIE JAMES, JEWEL SCOTT, GLENN JAMES, GLENDA JONES, MOSES
JACKSON

                    Plaintiffs - Appellants

    and

CHANTELL PAYNE

                    Appellant

    v.

QUYAN TRAN, DR, DEPARTMENT OF CORRECTIONS, EDGAR C DAY, JR,
Warden, UNIDENTIFIED PARTIES, RICHARD L STALDER

                    Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 3:02-CV-3145
--------------------

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

    Kaschandra S. Greer, individually and as the daughter of/and

representative of the estate of Donnie James, appeals the

district court's summary-judgment dismissal of her civil rights

---
    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint under 42 U.S.C. § 1983.  James died while imprisoned at Washington Correctional Institute (WCI) after falling into a diabetic ketoacidotic coma.

Greer argues that the district court erred in determining that Dr. Quyen Tran, a doctor at WCI, did not personally act with deliberate indifference to James's serious medical needs in violation of James's Eighth Amendment rights.  However, Tran tested for and ruled out diabetes mellitus shortly after James's arrival at WCI, and there is no indication in the record, including Tran's affidavit, that Tran knew either that James was diabetic or that James experienced any symptoms before falling into a diabetic ketoacidotic coma.  Accordingly, the district court did not err in granting summary judgment on this issue. See Farmer v. Brennan, 511 U.S. 825, 847 (1994); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc) (unsubstantiated assertions are not sufficient to satisfy a nonmovant's summary judgment burden); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Greer also argues that the district court erred in determining that Tran, former WCI warden Edgar Day, Jr., and Louisiana Department of Corrections Secretary Richard Stadler, in their supervisory capacities, did not violate James's Eighth Amendment rights by their deliberate indifference to James's serious medical needs by failing to train subordinate officers in the appropriate manner to recognize and treat James's condition.

However, Greer does not indicate which officers, if any, were inappropriately trained.  Furthermore, nothing in the record indicates that James in fact exhibited or complained of the symptoms that normally precede a diabetic coma or that any officers witnessed any of these symptoms.  Because Greer has not shown that the appellants' training of officers had any causal connection with the alleged constitutional violation, the district court did not err in granting summary judgment on this issue.  See Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001); Little, 37 F.3d at 1075; Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Greer further contends that a policy described on WCI medical request forms unconstitutionally deters prisoners from seeking treatment and demonstrates the defendants' deliberate indifference toward James and other prisoners.  However, Greer has not alleged any facts indicating that the policy in fact deterred James from seeking medical attention.  Furthermore, prison medical records indicate that James regularly visited the infirmary and that he had declared himself a medical emergency in the past in spite of the policy.  The district court did not err in determining that there was no genuine issue of material fact concerning this issue.  See Little, 37 F.3d at 1075; Thompkins, 828 F.2d at 304.

AFFIRMED.