United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40500
Summary Calendar

DAVID EARL DAY,

Plaintiff-Appellant,

versus

A. R. MASSINGILL; VALENCIA POLLARD; H. BENNETT;
UNKNOWN WILSON; UNKNOWN COPPER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-151-CMC
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

David Earl Day, Texas prisoner # 616994, appeals the magistrate judge's grant of summary judgment in favor of the defendants in his 42 U.S.C. § 1983 complaint alleging deliberate indifference to an ankle injury on April 18, 2002. This court reviews the grant of a motion for summary judgment de novo. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Other than Day's allegations that he sustained an injury that resulted in excruciating pain, there is no evidence in the medical record that Day sustained any significant injury on April 18, 2002, that required immediate medical attention. The record shows that Day had been treated for foot and ankle problems at least once a week for a month before and after the alleged injury. Dr. Monte K. Smith's affidavit documents the various treatments given to Day and unequivocally states that Day was given appropriate housing and work restrictions commensurate with the symptoms he exhibited. The record contains no evidence to support a claim that Day had a serious medical need that was deliberately ignored by any of the defendants. The magistrate judge did not err in granting summary judgment to the defendants.

For the first time on appeal, Day argues that the magistrate judge erred in dismissing his suit against Bennett because Bennet had refused to treat his injury. Day may not raise new factual allegations for the first time on appeal. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

In his original complaint, Day simply alleged that Bennet had verbally abused him. On appeal, Day does not complain that the magistrate judge did not specifically address the claim

against Bennet in the order granting summary judgment in favor of all of the defendants.  Accordingly, any such argument has been abandoned.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Day argues that the magistrate judge erred by not appointing counsel.  A trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under § 1983 unless "exceptional circumstances" exist.  Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  Contrary to Day's assertion, the issues in the case are not complex, and the record shows that Day was able to present his claims adequately.  Day has not shown that the magistrate judge abused her discretion in not appointing counsel in this case.

AFFIRMED.