United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41615
Conference Calendar

_____

MICHAEL DOYLE GRAY,

Plaintiff-Appellant,

versus

RONNY BROWNLOW, Sheriff, Henderson County Jail;
A. W. ALLISON, Assistant Chief, Henderson County Jail;
SANDY PRYOR, Nurse, Henderson County Jail,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-301
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Henderson County, Texas, jail inmate Michael Doyle Gray appeals the dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim. Gray's complaint alleged that he received inadequate medical treatment for a back injury. Gray's pleadings make it clear that his injury has been adequately treated and that he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

merely disagrees with some aspects of his medical treatment.
Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

We note that Gray has not supported his appellate arguments with citation to the record and to legal authority as required by the Federal Rules of Appellate Procedure.  See FED. R. APP. P. 28(a)(7) and (9)(A) (2004); 5TH CIR. R. 28.2.3; Yohey v. Collins, 985 F.2d 222, 224 (5th Cir. 1993).

As this appeal is without arguable merit, it is dismissed as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Gray is cautioned that the dismissal of this appeal as frivolous and the dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915A(b)(1) count as two strikes for purposes of 28 U.S.C. § 1915(g).  If Gray accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.