**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41436
Summary Calendar

KEVIN BARNES,

Plaintiff-Appellant,

versus

A. RIVAS; O. PEREZ; ERIC MILLER; C. COLLIN; UTMB CORPORATION;
LAURA COLLINS; L. CHAPA, R.N.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CV-174
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Kevin Barnes, Texas prisoner # 1063303, filed a pro se

§ 1983 action alleging violations of his Eighth Amendment right

to be free from cruel and unusual punishment. He now appeals

several aspects of the disposition of his case in the district

court.

Barnes's claims arise out of injuries he sustained during an

altercation with defendant Rivas, a correctional officer. Barnes

claims that these injuries were made worse by the deliberate

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indifference to his medical needs on the part of defendants Chapa, Collins, and Miller, who were involved with Barnes's medical care at the prison infirmary. The district court granted summary judgment to all defendants except correctional officer Rivas. Barnes's case against Rivas proceeded to a jury trial, and the jury returned a verdict in favor of defendant Rivas.

Barnes claims that the district court erred by allowing defense counsel to remove a juror from the venire with a peremptory strike in violation of Batson v. Kentucky, 476 U.S. 79 (1986). However, the record on appeal does not reflect that any Batson challenge was made in the district court or that Barnes objected to the district court's ruling on any Batson issue. Given Barnes's failure to bring forward any evidence that a Batson challenge was made in the lower court, his claim is unreviewable. Brown v. Kinney Shoe Corp., 237 F.3d 556, 562 (5th Cir. 2001); see also 5TH CIR. R. 42.3.2.

Barnes also claims that the jury's verdict was against the weight of the evidence. However, the record on appeal contains no indication that Barnes ever moved the district court for judgment as a matter of law under FED. R. CIV. P. 50(a) or (b) or for a new trial under FED. R. CIV. P. 59. The Supreme Court recently held that the failure to move for a new trial or judgment as a matter of law after a jury has returned a verdict precludes appellate review of the sufficiency of the evidence. Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 126 S. Ct. 980,

984-86 (2006); see also Flowers v. S. Reg'l Physician Servs. Inc., 247 F.3d 229, 238 & n.7 (5th Cir. 2001). In light of that holding, Barnes's appeal here must fail.

Next, Barnes contends that the district court erred in granting summary judgment to defendants Collins, Chapa, and Miller. After a careful review of the record, we affirm the court's summary judgment becasue Barnes has not shown that defendants Chapa, Collins, and Miller were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 837 (1994); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Finally, Barnes argues that the district court erred in refusing to allow Barnes to conduct additional discovery prior to ruling on the defendants' motion for summary judgment. "If it reasonably appears that further discovery would not produce evidence creating a genuine issue of material fact, the district court's preclusion of further discovery prior to entering summary judgment is not an abuse of discretion." Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993). In this case, the district court had all of the evidence it needed to conclude that defendants Collins, Chapa, and Miller were not deliberately indifferent to Barnes. See Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999). Therefore, the district court's refusal to grant additional discovery was not an abuse of discretion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.