United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10208
Summary Calendar

MATILDE R. OLIVAS,

Plaintiff-Appellant,

versus

CORRECTIONAL CORPORATION OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-511
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Matilde R. Olivas appeals the district court's grant of
summary judgment on his 42 U.S.C. § 1983 claim against the
Correctional Corporation of America ("CCA"). As Olivas did not
brief his state law claim against CCA on appeal, it is abandoned.
See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993);
Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744,
748 (5th Cir. 1987).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the grant of a motion for summary judgment de novo. <u>Cousin v. Small</u>, 325 F.3d 627, 637 (5th Cir. 2003). Contrary to Olivas's argument, CCA may not be held liable on a theory of respondeat superior. <u>See</u> <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 691 (1978). Olivas also argues that CCA's dental care policy resulted in him receiving inadequate treatment for his injury. Olivas has not submitted evidence sufficient to demonstrate that the injury should have been treated as a medical emergency or that the treatment he received constituted deliberate indifference to his serious medical needs. <u>See</u> <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991). Further, Olivas does not show substantial harm related to the delay. <u>See</u> <u>Mayweather v. Foti</u>, 958 F.2d 91, 91 (5th Cir. 1992). Therefore, summary judgment was proper in the instant case because Olivas has not established that an official policy or custom caused a constitutional violation. <u>See</u> <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001).

Accordingly, the judgment is AFFIRMED.