# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

Lyle W. Cayce
Clerk

No. 11-20051
Summary Calendar

PATRICK BERNARD SMITH,

Plaintiff-Appellant

v.

BETTY WILLIAMS, M.D.; BRENDA HOUGH, N.P.; CHARLES NAGEL; VICTORIA RAY; UNIVERSITY OF TEXAS MEDICAL BRANCH/CORRECTIONAL MANAGED HEALTH CARE COMMITTEE; SHANTA CRAWFORD; DR LANNETTE LINTHICUM; ALFRED JANICEK; NATHANIEL QUARTERMAN; SGT. MICHAEL OLSEN; CO SEAN MURRAY; ROBERT D. ROE; HOWARD K. BENNETT; RANDALL HEALY; MARK MINSHEW; CORRECTIONAL OFFICER PENELOPE R. BURNES; CORRECTIONAL OFFICER KEVIN L. CARLVIN; CORRECTIONAL OFFICER JESSE L. DAVIS; CORRECTIONAL OFFICER DOMENICO DEPALMA; CORRECTIONAL OFFICER ERIC A. MCCLENDON; CORRECTIONAL OFFICER GREG S. VICKERY; CORRECTIONAL OFFICER DAVID K. WRIGHT,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-1025

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

No. 11-20051

Plaintiff-Appellant Patrick Bernard Smith appeals the dismissal of his 42 U.S.C. § 1983 action against four of the original defendants, namely, Betty Williams, Brenda Hough, Charles Nagel, Victoria Ray, and two subsequently added defendants, namely, correction officers David Fransaw and Sgt. Cable, who together are the only defendants who were not previously dismissed. The action arises from knee injuries Smith suffered at the O.B. Ellis Unit of the Texas Department of Criminal Justice in 2007.

Summary judgment was properly granted in favor of the medical defendants, Williams, Hough, Nagel, and Ray, because Smith failed to identify any genuinely contested issue of material fact whether any of these defendants acted with deliberate indifference to a serious medical need. *See* FEDERAL RULE OF CIVIL PROCEDURE 56(a). Although the record reveals some possibly inaccurate assessments of Smith's knee problem, due largely to his failure to cooperate and the skepticism that it generated, the plethora of summary judgment evidence in the record establishes that, despite their skepticism, the medical defendants conscientiously examined and treated Smith. He offers only his own bald conclusions, refuted by the medical record, that these defendants refused to act to remedy his medical condition. Smith's complaint is, at best, a claim of negligence, malpractice, or mere disagreement about the course of treatment. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

His brief on appeal, even when liberally construed, demonstrates that Smith has failed to make any coherent challenge to the district court's dismissal of the claims against correction officers Fransaw and Cable under 28 U.S.C. §§ 1915 & 1915A and 42 U.S.C. § 1997e(c). At best, he has offered only vague and unsupported accusations that they used excessive force, interfered with medical treatment, and retaliated against him for exercising his constitutional rights. Such unadorned accusations that these defendants caused some harm

R. 47.5.4.

are insufficient to support a claim that constitutional rights were violated. *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). Smith has also failed to state a plausible or coherent claim for violation of the Americans with Disabilities Act. *See id.*

In summary, Smith has failed to show any error in the dismissal of any claim against any defendant. The judgment of the district court is therefore AFFIRMED