# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

No. 12-40181
Summary Calendar

Lyle W. Cayce
Clerk

EVERETT P. CRAWFORD,

Plaintiff - Appellant

v.

T. SHARPIN, Registered Nurse; LATINA BLAIR, Physician's Assistant; UP CASTILLO, Lieutenant; UP HOUSTON, Captain,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-604

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Everett P. Crawford, Texas prisoner # 717483, filed a civil-rights complaint under 42 U.S.C. § 1983 against prison officials, claiming violation of the Eighth Amendment by acting with deliberate indifference to his medical needs when he developed complications from a flu vaccine. The district court dismissed this action after adopting the magistrate judge's report and recommendation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40181

Primarily at issue here is whether the court erred in granting summary judgment to defendants in their individual capacities on the basis of qualified immunity. Crawford has not shown his received medical attention rose to the requisite level of deliberate indifference. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). He alleged no more than negligence, neglect, medical malpractice, and disagreement with his medical treatment. *E.g.*, *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). The district court's granting summary judgment to defendants on the issue of deliberate indifference was proper.

Crawford's assertion that the district court erred in dismissing his complaint for a procedural deficiency without affording him the opportunity to amend his complaint is misplaced: the court dismissed his § 1983 complaint after considering his claims' merits and determining the summary judgment standard was satisfied.

Crawford's assertion that the court erred in finding some of his claims unexhausted for failure to file grievances within the prescribed time limits is also misplaced: the court adopted the magistrate judge's recommendation that, although the grievances were not timely filed, the claims were exhausted when prison officials investigated them and responded to the issues presented. On the merits, Crawford's grievances regarding, *inter alia*, conditions of confinement or inability to obtain food and showers were unexhausted as insufficient to fairly alert prison officials of the conduct forming the basis of Crawford's complaint; and, although his medical-needs grievances were exhausted, he failed to show, as discussed above, defendants' actions rose to the level of deliberate indifference.

AFFIRMED.

2