# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2013

Lyle W. Cayce
Clerk

No. 12-30300
Summary Calendar

WILLIAM FRAZIER,

Plaintiff–Appellant

v.

TONY WINGO; UNKNOWN CORRECTIONAL OFFICER(S),

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CV-1827

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William Frazier, federal prisoner # 01073-748, filed a Federal Tort Claims Act (FTCA) claim against the United States and a *Bivens*[1] action against Tony Wingo (Wingo) and other unknown officers employed by the Bureau of Prisons at the United States Penitentiary in Pollock, Louisiana. Frazier alleged that, when he was transferred to a Special Housing Unit, Wingo and the other officers confiscated his property and discarded it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 395-97 (1971).

No. 12-30300

The district court dismissed Frazier's FTCA claim against the United States for lack of jurisdiction and dismissed his *Bivens* action against Wingo and the other unknown officers on summary judgment.  He now appeals.  This court's review is de novo.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

On appeal, Frazier fails to challenge the dismissal of his FTCA claim.  By failing to identify any error regarding the dismissal of this claim, it is the same as if Frazier had not appealed this issue.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  Frazier has thus abandoned on appeal any arguments against the dismissal of this claim.  Additionally, Frazier's brief fails to provide facts and argument challenging the district court's conclusion that he failed to exhaust his administrative remedies as to his claims set forth in his *Bivens* action.  Even pro se litigants must brief arguments to preserve them.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Issues not briefed are considered abandoned; thus, these claims are also deemed abandoned.  *See id.*

AFFIRMED.