# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40021
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2014

Lyle W. Cayce
Clerk

RICHARD W. JENNINGS,

Plaintiff-Appellant

v.

MONTY HUDSPETH, Unit Warden; JOHN #2 DOE, Shift Sergeant; JANE #1
DOE, Female TDCJ Officer; JANE #2 DOE, Female TDCJ Officer; JOHN DOE
#1, Shift Lieutenant; BRAD LIVINGSTON; MARK RICHARDS; DONALD R.
MCCHRISTIAN,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-111

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Richard W. Jennings, Texas prisoner # 820776, appeals the dismissal of

his civil rights complaint, arguing that the district court erred in concluding

that he had not stated a plausible claim for relief against any of the defendants.

Jennings contends that the district court improperly entered summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

judgment against him when material facts were in dispute, but Jennings is mistaken.  The district court dismissed Jennings's complaint under 28 U.S.C. § 1915A(b)(1), which it could properly do if Jennings's factual allegations "taken as true, do not state a claim that is plausible on its face."  *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014).  For Jennings to have stated a plausible claim for relief, his "well-pleaded, nonconclusory factual allegation[s]" must have "nudged" his claim of deliberate indifference "across the line from conceivable to plausible."  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (5th Cir. 2009) (internal quotation marks and citation omitted).

A prison official may be held liable under the Eighth Amendment for denying a prisoner humane conditions of confinement only if he acts (or fails to act) with "deliberate indifference to a substantial risk of serious harm to an inmate."  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Jennings's allegations, in pertinent part, are as follows.  Upon Jennings's discharge from the hospital after pacemaker implantation surgery and while he was still noticeably under the effects of medication, Sgt. Donald McChristian ordered him to put on dirty pants that were much too large to stay up on his waist and to board the "chain bus"; threatened to write him up if he did not comply; and taunted and laughed at him when the pants kept falling to the floor, exposing him with no underwear.  The Jane Doe prison guards were bystanders who did not intervene on Jennings's behalf but instead joined McChristian in laughing at him.  Jennings was shackled and was unable to hold the pants up because one of his arms was in a sling and he had to carry

his possessions in his other arm.  The pants slid down while he was exiting the bus, got caught in his shackles, and caused him to fall from the bus to the concrete below, shifting his pacemaker out of place.

The district court mischaracterized Jennings's allegations with respect to McChristian, dismissing Jennings's claim against him because McChristian's verbal taunts and threats of disciplinary action did not amount to a constitutional violation and he had not threatened Jennings with physical force.  The district court did not address Jennings's claim that McChristian was deliberately indifferent to his health and safety when McChristian ordered him to wear excessively large pants that he was unable to hold up while he was shackled and under the effects of medication.  Jennings's well-pleaded, nonconclusory factual allegations state a plausible claim of deliberate indifference against McChristian, as Jennings alleged that McChristian was aware of facts from which the inference could be drawn that Jennings faced a substantial risk of serious harm and that McChristian consciously disregarded this risk of harm.  *See Iqbal,* 556 U.S. at 680; *Farmer*, 511 U.S. at 837, 842-43.  Accordingly, the judgment dismissing Jennings's claim against McChristian is vacated and remanded for further proceedings.

The district court also mischaracterized Jennings's allegations with respect to the Jane Doe guards, dismissing the claims against them based on its finding that they merely picked up a pair of pants and a shirt that were in the bus and gave them to Jennings.  As the district court has not determined whether Jennings's well-pleaded, factual allegations give rise to a plausible claim for relief against the Jane Doe guards, the judgment dismissing Jennings's claims against them is likewise vacated and remanded for further proceedings.

No. 14-40021

Jennings did not allege a pattern of similar incidents to support a claim of deliberate indifference against the supervisory defendants, who did not witness the incident and were not personally involved in it. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). The district court therefore correctly dismissed the claims against Brad Livingston and Monty Hudspeth under § 1915A.

Jennings has raised new factual allegations forming the basis for his claim against Mark Richards, which we will not consider. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Further, he has not briefed any error regarding the dismissal of the claim against Richards based on the facts he pleaded in the district court and has therefore "abandoned on appeal any arguments against the dismissal of this claim." *Frazier v. Wingo*, 717 F.3d 447, 448 (5th Cir. 2013). He has also not briefed and thus abandoned any error regarding the dismissal of the claims against the two John Doe defendants. *See id.*

Accordingly, the district court judgment dismissing Jennings's claims against Hudspeth, Livingston, and the two John Doe defendants is AFFIRMED. The district court judgment dismissing Jennings's claims against McChristian and the two Jane Doe defendants is REVERSED and REMANDED for further proceedings consistent with this opinion.