# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2015

Lyle W. Cayce
Clerk

IVORY LANE SIMON,

Plaintiff-Appellant

v.

JAMES LeBLANC; J. TIM MORGAN; DOCTOR KUPLESKY; DANIEL MARR; JOHN DOE; JOAN DOE; XYZ INSURANCE COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CV-2606

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Ivory Lane Simon, Louisiana prisoner # 505008, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs. Simon asserted that, following his transfer to Winn Correctional Center, the defendants would not permit him to continue taking previously prescribed medications for various ailments and instead prescribed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternative, generic brands of the medications.  He suggested that he could not take the generic brands because they possibly contained sulfa, to which he had an allergy that could cause symptoms of Stevens-Johnson Syndrome, and the defendants should have ascertained whether the medicines contained sulfa or allowed him to be treated by another doctor.  Simon also asserted that he was warned that he would be written up for malingering if he initiated further sick calls related to his Stevens-Johnson Syndrome and was denied medical care in retaliation for complaining about his treatment.  The district court dismissed Simon's complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and, therefore, our review is de novo using the same standard that applies to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

Simon's allegations are insufficient to state a claim that the defendants were deliberately indifferent to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The refusal to provide medicine that was prescribed at another facility or by a different doctor does not rise to the level of deliberate indifference.  *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999).  Furthermore, to the extent that Simon contests the decision to prescribe generic medicines instead of the medicines that he previously was prescribed, his dissatisfaction does not give rise to a claim under § 1983.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Simon otherwise has not alleged a claim of deliberate indifference.  The medical records do not reflect, and Simon did not allege in his complaint, that he was administered medications that contained sulfa or was required medical care for a resulting allergic reaction.  Instead, he refused the medication that was recommended because it differed from that which he had been prescribed; thus, any ailments that he is experiencing are not attributable to medicines

prescribed at Winn.  To the extent that his ailments were treated by his prior medications, he has not alleged facts to suggest that the defendants purposely refused to prescribe those medications for improper reasons; the physicians at Winn proposed to treat his conditions with generic versions of the medications, and his refusal to accept the medicines because of his disagreement with their efficacy does not support a claim of deliberate indifference.  *See Varnado*, 920 F.2d at 321; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Further, Simon has not alleged any facts to support that the defendants intentionally recommended erroneous treatment (e.g., deliberately prescribed medications with sulfa despite knowing that Simon was allergic) and, to the extent that the defendants prescribed generic medications without confirming whether they contained sulfa, that conduct, at most, is negligence, which is not actionable.  *See Varnado*, 920 F.2d at 321.  The defendants were not required to send Simon to another doctor or conduct further diagnostic tests.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Simon has not alleged any facts to suggest that the defendants denied him medical treatment for a serious medical need at any time.  The record instead establishes that, on the instances when Simon sought medical care, he resisted the recommended treatment.  These facts do not prove a claim of deliberate indifference or retaliation.  *See Norton*, 122 F.3d at 292; *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

AFFIRMED.