# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10382
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2018

Lyle W. Cayce
Clerk

DELBERT GLEN ROGERS,

Plaintiff-Appellant

v.

DOCTOR MASSEY; SHELLY COLEMAN; KITT BYRD; LORENE LAFAVE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:14-CV-216

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Delbert Glen Rogers, Texas prisoner # 657580, appeals the summary judgment in favor of the defendants in his 42 U.S.C. § 1983 action asserting claims related to burns he received from heating pads during treatment of an exercise injury. Rogers claimed that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10382

The district court determined that the defendants were entitled to qualified immunity.

According to Rogers, the defendants were not entitled to qualified immunity because he sued them in their individual capacities and because they violated professional norms and their employer's mission statement. He also contends that they were not entitled to qualified immunity because they violated the Eighth Amendment.

We review a summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). A movant is entitled to summary judgment if he shows "that there is no genuine dispute as to any material fact" and he is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). However, a qualified immunity defense alters the typical summary judgment burden of proof in that, once the defense is pleaded, the burden shifts to the plaintiff to rebut the defense by establishing a genuine fact issue as to whether the defendant's allegedly wrongful conduct violated a clearly established constitutional right. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

Inmates have a clearly established Eighth Amendment right against cruel and unusual punishment by prison officials that includes the right to be free from deliberate indifference to serious medical needs. *See* U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Thus, the relevant inquiry here is whether there was a genuine issue of fact concerning Rogers's claims that the defendants were deliberately indifferent to his serious medical needs. *See Gamble*, 429 U.S. at 104; *Brown*, 623 F.3d at 253. Rogers asserts that the defendants were deliberately indifferent by providing inadequate burn treatment, ignoring him, and taunting him. He also alleges deliberate indifference by nurse Kitt Byrd when she intentionally left him unattended with heating pads on his leg.

No. 17-10382

Liberally construed and viewed in the light most favorable to him, Rogers's pleadings asserted that the defendants' failure to clean and dress his burn wounds on eight of the 78 days between the injury and when it healed created a substantial risk of infection. The pleadings did not allege, however, that the defendants actually drew an inference that brief, isolated lapses in care created a substantial risk of infection and that they wantonly disregarded that risk. Accordingly, there was no genuine fact issue as to whether the defendants violated the Eighth Amendment by deliberate indifference to Rogers's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994); *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Rogers thus failed to rebut the defendants' qualified immunity defense. *See Brown*, 623 F.3d at 253.

Rogers's claim that Byrd left him unattended with heating pads on his leg similarly fails. Rogers did not allege that she actually inferred that he faced a substantial risk of being burned and wantonly disregarded it; instead, he described how Byrd left him unattended because she was more interested in talking to one of the male guards than in taking care of him. An "inadvertent failure to provide adequate medical care" does not rise to the level of "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06 (internal quotation marks and citation omitted). Accordingly, Rogers failed to meet the extremely high standard for deliberate indifference. *See Farmer*, 511 U.S. at 837, 847; *Domino*, 239 F.3d at 756.

In sum, Rogers's dissatisfaction with the qualifications, demeanor, and language used by the medical providers, along with his disagreement with the course of his treatment, do not establish cruel and unusual punishment that violates the Eighth Amendment. *See Varnado v. Lynaugh*, 920 F.2d 320, 321

3

(5th Cir. 1991).  Any negligence or medical malpractice by the defendants was not actionable under § 1983.  *See id.*  Thus, the defendants were entitled to judgment as a matter of law and the district court properly granted summary judgment in their favor on the issue of qualified immunity.  *See Brown*, 623 F.3d at 253; *Lynaugh*, 989 F.2d at 195; FED. R. CIV. P. 56(a).

To the extent Rogers claims for the first time that the defendants caused him to develop a serious infection and that they were deliberately indifferent to his serious medical needs because they failed to treat his original exercise injury, we do not consider new claims by a plaintiff on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Finally, Rogers asserts that he was denied notice and an opportunity to respond to the defendants' summary judgment motion and the magistrate judge's report and recommendation due to his frequent transfers to different facilities and obstruction by mailroom employees.  According to Rogers, if he had been served with the filings, he would have responded that he was suing the defendants in their individual capacities, that they violated profession norms, and that they inflicted cruel and unusual punishment.  For the reasons discussed above, those arguments would have been unavailing.  Thus, any error was harmless.

The judgment of the district court is AFFIRMED.  Rogers's motion to strike the defendants' motion to view sealed documents is DENIED.

4