# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60248

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2018

Lyle W. Cayce
Clerk

THOMAS E. CAMPBELL,

> Plaintiff - Appellant

v.

ANGELA BROWN, Nurse Practitioner; EARNEST LEE, Superintendent;
MR. PAIGE, Officer; MR. BANKS, Warden; WARDEN MORRIS; OFFICER
HODGES,

> Defendants - Appellees

Appeal from the United States District Court
Northern District of Mississippi
USDC No. 1:15-CV-35

Before STEWART, Chief Judge, and KING and OWEN, Circuit Judges.

PER CURIAM:*

Thomas E. Campbell appeals the summary judgment dismissal of his 42
U.S.C. § 1983 action. For the following reasons, we affirm.

## I. Facts & Procedural History

Campbell, Mississippi prisoner # 62117, filed a verified § 1983 complaint
naming as defendants nurse practitioner Angela Brown, Superintendent
Ernest Lee, Officer Jeremy Paige, and Warden Wendell Banks, all employees

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

of the Mississippi Department of Corrections. In an amended filing, Campbell added a claim of excessive force against correctional officer Hodges. Later, he also joined another warden, Morris, as a defendant. Campbell alleged in his complaint that the defendants were deliberately indifferent to his medical needs in relation to various neck, back, leg, foot, hemorrhoid, and weight loss problems and that they used excessive force in treating him.

The defendants moved for summary judgment and presented more than 1,500 pages of Campbell's prison medical records to rebut his claims against them. In light of the evidence presented, the district court granted summary judgment for the defendants. The district court dismissed the claims against Lee, Banks, and Morris because their liability was predicated solely on their roles as supervisors. The court also dismissed the claims against Brown, Paige and Hodges determining that the evidence wholly failed to show deliberate indifference to Campbell's medical needs or a triable issue as to excessive force. Campbell filed a timely notice of appeal.[1]

## II. Standard of Review

As a preliminary matter, we affirm the judgments for Lee, Banks, Morris, and Hodges because Campbell does not challenge the dismissal of his claims against those defendants. *See Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) ("We will not raise and discuss legal issues that [the defendant] has failed to assert."); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) ("Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of [Federal Rule of Appellate

---

[1] On appeal, Campbell also moves for the appointment of counsel, for monetary relief, and for an extension of time to file a reply brief.

Procedure] 28."). As to the claims against Brown and Paige, we review the summary judgment de novo, viewing the evidence in the light most favorable to Campbell, and will affirm "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012); *Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir. 2011).

## III. Discussion

*Deliberate Indifference to Serious Medical Needs*

It is "clearly established" that deliberate indifference to the serious medical needs of prisoners constitutes a violation of the Eighth Amendment remediable under 42 U.S.C. § 1983. *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An Eighth Amendment claim based on inadequate medical care requires a two-fold showing. *Gobert*, 463 F.3d at 345. First, the plaintiff must show that the deprivation of medical care resulted in his "objective exposure to a substantial risk of serious harm," *id.*, defined as harm "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). Second, the plaintiff must demonstrate that "prison officials acted or failed to act with deliberate indifference to that risk." *Gobert*, 463 F.3d at 345–46.

Deliberate indifference "is a stringent standard of fault." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (internal quotation marks and citation omitted). In the medical context, it is met only when the evidence shows that prison officials knew that an inmate faced a substantial risk of serious bodily harm and recklessly disregarded that risk by failing to take reasonable measures to abate that harm. *See Gobert*, 463 F.3d at 346. Mere negligence in diagnosing or treating a medical condition does not amount to deliberate

indifference. *Gamble*, 429 U.S. at 106; *see, e.g., Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (holding that an incorrect diagnosis does not amount to deliberate indifference); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding that unsuccessful medical treatment does not amount to deliberate indifference). Nor does a prisoner's disagreement with a particular course of treatment or a doctor's professional decision not to pursue additional treatment options. *See Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Domino*, 239 F.3d at 756.

### A. Hemorrhoids

According to Campbell, his hemorrhoids caused him significant pain and discomfort throughout his time in the defendants' custody and care.  He claims that he was given incorrect and inadequate medications to treat his condition and that he should have been treated surgically.

The medical staff's decision of whether to provide certain treatment—here, the decision to treat Campbell's hemorrhoids medically and not surgically—"is a classic example of a matter of medical judgment."  *Gobert*, 463 F.3d at 346.  In any event, the competent summary judgment evidence does not show that Brown played any role in the decision not to perform surgery.  Moreover, to the extent Campbell contends that Brown's treatment of his hemorrhoids was otherwise lacking, he merely disagrees with her professional decision-making or, at best, shows that she was negligent, neither of which amounts to deliberate indifference.  *See Gamble*, 429 U.S. at 106; *Stewart*, 174 F.3d at 537.

### B. Neck, Back, Leg, and Foot Conditions

Turning to Campbell's claim regarding the treatment of his neck, back, leg, foot and weight loss conditions, he alleges that: (1) prison medical staff refused to perform necessary neck surgery on him; (2) his medications and

prescribed "snack bags"[2] were either withheld or delayed; (3) he was denied "lay-in" or bedrest; (4) staff refused to treat his leg and arm rash; and (5) he was injected with Haldol[3] despite being allergic to it.

Although Campbell claims that prison medical staff waited more than 20 months to perform surgery to correct two herniated discs in his neck, the undisputed medical records reveal that he did not agree to undergo surgery when it was first recommended in May 2013. He did not inquire about neck surgery again until February 2015 and he never discussed surgery with Brown. Thus, his neck surgery "was delayed because of [Campbell's] own desire to avoid surgery," not due to deliberate indifference. *See Willis v. Whitley*, 4 F.3d 991 (5th Cir. 1993).

Campbell does not implicate Brown in his claims that medical staff delayed or refused to dispense various prescribed medications or to provide him with prescribed supplemental nutrition "snack bags," thus, he fails to show a genuine dispute as to whether any claimed harm is traceable to Brown's deliberate indifference. *See* Fed. R. Civ. P. 56(a); *Gobert*, 463 F.3d at 345–46; *Helling*, 509 U.S. at 36.

Campbell contends that Brown denied his request for a "lay-in" to rest his legs and feet and refused to treat a rash on his legs and arms. The record indicates that Brown expressed that bedrest was not medically necessary since Campbell had not had surgery and that the rash on his legs had been caused by his compression socks, which she had given him in lieu of bedrest. Campbell merely disagrees with Brown's particular course of treatment and fails to allege or cite evidence showing that her conduct in either instance objectively

---

[2] "Snack bags" are supplemental nutrition that can be prescribed to prisoners.

[3] Haldol is an antipsychotic medicine used to help reduce aggression.

5

exposed him to a substantial risk of serious harm.  *See Stewart*, 174 F.3d at 537; *Gobert*, 463 F.3d at 345.

As to Campbell's complaint that Brown had him injected with Haldol, to which he is allergic, there is no factual basis for concluding that Brown did so "with knowledge that [he] was allergic." *Gamble*, 429 U.S. at 104 n.10.  The evidence reflects that prior to injection, Brown consulted Campbell's medical records which stated that he was not allergic to Haldol. Moreover, Brown received Campbell's consent prior to giving him the injection.  In so doing, she did not "clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756.

*Excessive Force*

To prevail on his claim of excessive force, Campbell must establish "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). In determining whether a plaintiff has made an allegation of excessive force sufficient to overcome summary judgment, this court evaluates five nonexclusive factors: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

Campbell contends that Brown used excessive force when she "raped" him by conducting a rectal examination in response to his complaint of hemorrhoids and that Paige used excessive force when he restrained Campbell so that Brown could perform the exam. The medical records reflect that

No. 17-60248

Campbell screamed while Brown performed the rectal exam in response to his complaint of hemorrhoids.

Although the evidence reveals that Campbell was in pain during his rectal exam, he neither asserts nor shows that the force applied by either defendant was clearly and unreasonably excessive relative to the need to use such force. *See Tarver*, 410 F.3d at 751. Further, as the district court properly concluded, Campbell's allegation that Brown's performance of a routine rectal exam amounted to rape is simply implausible. *See Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 746 (5th Cir. 2017).

In light of the foregoing evidence, Brown and Paige are entitled to judgment as a matter of law on Campbell's claims of deliberate indifference to serious medical needs and excessive force. *See* Fed. R. Civ. P. 56(a); *McFaul*, 684 F.3d at 571.

## IV. Conclusion

We affirm the district court's summary judgment as to all defendants. All pending motions are denied.